No. 10,772.

## DAVIS v. THE STATE.

SUPREME COURT.—*Weight of Evidence.*—*Selling Intoxicating Liquor.*—In a
prosecution for selling intoxicating liquor without license, the Supreme
Court will not disturb the finding of the trial court on the mere weight
of the evidence or the credibility of witnesses.

From the Miami Circuit Court.

*J. L. Farrar, J. Farrar* and *W. C. Farrar*, for appellant.

*F. T. Hord,* Attorney General, *M. Good,* Prosecuting At-
torney, and *W. B. Hord,* for the State.

NIBLACK, J.—This was a prosecution by indictment against
Samuel Davis, the appellant, for selling intoxicating liquor
to one William B. Crawford, in a less quantity than a quart,
without a license. The court, sitting as a jury, found the ap-
pellant guilty as charged, and assessed a fine against him of
$20. Over a motion for a new trial, judgment was rendered
against the appellant upon the finding.

The only complaint made here is that the court erred in
refusing to grant the appellant a new trial, and that is sup-
ported by a most earnest and elaborate argument against the
sufficiency of the evidence to sustain the finding. The ap-
pellant was shown to have been a practicing physician, and

the proprietor of a drug store, and the defence was that the whiskey charged to have been sold to Crawford as a beverage was really administered to him as a medicine, of which he was in actual need.

There was evidence tending very strongly to sustain the defence thus relied upon, but in that respect the evidence was not, by any means, conclusive. On the contrary, many of the facts testified to at the trial were apparently inconsistent with the appellant's defence. The prosecuting witness was confessedly an unwilling witness for the State, and yet the fair inference from his testimony was that he had on several occasions, within the time covered by the indictment, purchased drinks of whiskey, or drinks of which whiskey constituted the principal ingredient, at the appellant's drug store, without any question as to the purpose which such drinks were intended to serve, and without any of the formulas usually attending the purchase and administration of medicine.

Under such circumstances the relative credibility of the witnesses, and the consequent weight of the evidence, were questions for the court to decide.

The record discloses nothing from which we can infer that the court ought to have reached a different conclusion.

The judgment is affirmed, at the appellant's costs.